UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMASI ROBERTS,

    Plaintiff,

v.                                                        Case No:   6:15-cv-810-Orl-41TBS

ENDURANCE COMMUNICATIONS &
ELECTRICAL, LLC., 4EVOLUTION, INC.
and CHIRSTOPHER RILEY,

    Defendants.
_____

## REPORT AND RECOMMENDTION

This case comes before me on referral from the district judge, on Plaintiff's Renewed Unopposed Motion for Entry of Judgment Against Defendants Endurance Communications & Electrical, LLC and 4Evolution, Inc. (Doc. 34). Upon due consideration, I respectfully recommend that the motion be **granted in part** and **denied in part**.

### I.  Background

On May 20, 2015, Plaintiff Roberts filed a complaint in federal court against Defendants for unpaid minimum wages under the FLSA, pursuant to 29 U.S.C. § 216(b) (Doc.1).   Defendants are in the business of providing electrical services to customers (Id. at ¶ 13). Plaintiff Roberts alleges he and similarly situated individuals "were/are electricians who were paid an hourly rate in exchange for work performed for Defendants in Florida." (Id. at ¶ 8). Plaintiff Roberts argues that "Defendants failed to pay their electricians for all hours worked pursuant to the FLSA minimum wage provisions" (Id. at ¶ 53). On May 20, 2015, Victor Brown, Arnold Hervy, Jean Fleurvil, Lonel Gabriel, and

Wagens Aimable filed consents to join the litigation as opt-in plaintiffs (Doc. 2). Defendants Endurance Communications & Electrical, LLC and 4Evolution, Inc., answered and asserted affirmative defenses to Plaintiff's complaint (Doc. 14). The parties engaged in discovery practice, however, they eventually reported to the Court that they had exhausted all settlement efforts (Doc. 20), and mediation ended in an impasse (Doc. 27). On August 19, 2016, Defendant Riley filed a suggestion of bankruptcy with the Court (Doc. 31). On August 19, 2016, the parties advised the Court that they had reached an agreement to resolve this dispute and Plaintiffs filed their original motion for judgment, which I denied without prejudice (Doc. 33). In the Order, I raised the following concerns:

> Among other things, the motion makes reference to payments of unknown amounts of money at unknown points in time and it appears that the Court is being asked to retain jurisdiction to enforce its judgment in the event of a breach. Plaintiff has not explained any of these matters.
>
> Plaintiff has not submitted a written stipulation, declarations or affidavits in support of his motion and it appears the Court is being asked to enter judgment solely on the basis of counsel's Local Rule 3.01(g) certificate. Counsel's certificate, without more, will not support a judgment.

(Doc. 33 at 1-2). Plaintiff Roberts has filed a renewed motion on behalf of himself and the five opt-in Plaintiffs and that motion is currently pending before this Court (Doc. 34).

## II. Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a

proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. Before it will approve the settlement, a district court must first scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Lynn's Food applies even where the parties reach an agreement to enter a consent judgment. See Merriweather v. Latrese & Kevin Enterprises, Inc., No. 3:08-cv-836-J-32TEM, 2011 WL 882090 (M.D. Fla. Jan. 31, 2011); Tucci v. Horizon Homes of Cent. FL., No. 6:08-cv-606-Orl-22DAB, 2009 WL 928528 (M.D. Fla. Mar. 31, 2009); Brown v. Ranieri, No. 6:08-cv-918-Orl-28GJK, 2009 WL 2579300 (M.D. Fla. Aug. 17, 2009).

### III. Discussion and Recommendation

Both, the complaint and answers to interrogatories are silent as to damage amounts (Doc. 1; Doc. 34). The first time Plaintiffs articulate the amount of money they are owed is in the declarations attached to the renewed motion for judgment (Doc. 34-1). Based on the amounts claimed and the amounts Defendants agree to pay, Plaintiffs are to receive the full amount of asserted unpaid minimum wages. "As full recompense is inherently fair and reasonable," I recommend the district judge **GRANT** the motion to the extent it seeks approval of the parties' consent judgment. See Tucci, 2009 WL 928528, at *2. However, I recommend that the district judge **DENY** Plaintiffs' request that it retain jurisdiction to enforce the consent judgment. See Kokkonen v. Guardian Life Ins., 511 U.S. 375, 378-381 (1994); cf. Colon v. Kissimmee B-Logistic Serv., No. 6:15-cv-733-Orl-40KRS, 2016 U.S. Dist. LEXIS 72622, at *8-9 (M.D. Fla. May 16, 2016) ("[C]ourts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of

an FLSA settlement agreement") (citing Santiago-Valle v. Transition House, Inc., No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at *12 (M.D. Fla. Dec. 10, 2015)).

I further recommend that the district judge **DENY** Plaintiffs' request for attorney's fees, **WITHOUT PREJUDICE**. The motion provides for the payment of $20,000 in attorney's fees and costs to Plaintiffs' counsel (Doc. 34 at 1; Doc. 34-3 at 2). While this amount seems objectively reasonable, Plaintiffs have not submitted the information required for the Court to perform the lodestar analysis. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299, 1302 (11th Cir. 1988); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Nor have Plaintiffs sought approval of attorney's fee under the procedure approved in Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on September 19, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
    Presiding United States District Judge
    Counsel of Record