UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAMASI ROBERTS,**

      **Plaintiff,**

v.                                                     **Case No: 6:15-cv-810-Orl-41TBS**

**ENDURANCE COMMUNICATIONS &**
**ELECTRICAL, LLC., 4EVOLUTION,**
**INC. and CHRISTOPHER RILEY,**

      **Defendants.**

## ORDER

THIS CAUSE is before the Court on Plaintiffs'[1] Renewed Unopposed Motion for Entry of Judgment ("First Motion," Doc. 34) and the Amended Renewed Unopposed Motion for Entry of Judgment ("Amended Motion," Doc. 36). United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 35), addressing the First Motion and recommending that it be granted in part and denied in part. The Amended Motion was filed to correct some of the failings of the First Motion that were noted in the R&R. Specifically, the First Motion asked for the following three items: approval of the amount being paid to Plaintiffs to settle their Fair Labor Standards Act ("FLSA") claims; retention of jurisdiction to enforce the parties' consent judgment; and approval of the amount paid for attorney's fees. Judge Smith recommended approving the settlement amount, denying the request for retention of jurisdiction, and denying without prejudice the request to approve the amount of attorney's fees. With regard to the attorney's fees, Judge Smith noted that the parties failed to provide any supporting documentation or indicate that they

---

[1] Although there was only one named Plaintiff in the Complaint, five additional Plaintiffs filed consents to join in the proceedings. (Doc. 2).

complied with the procedure set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In the Amended Motion, Plaintiffs aver that the parties followed the procedure set forth in *Bonetti*. Furthermore, based on the record before the Court, it appears that Plaintiffs have not compromised their FLSA claims; they are being fully compensated for their unpaid wages along with an equal amount in liquidated damages, and there are no non-monetary concessions, such as a general release. (*See* Doc. 36 at 1 (allocating $37,525.50 for Plaintiffs' collective damages); Pls.' Affs., Doc. 36-1, at 3, 5, 7, 9, 11, 13 (setting forth individual unpaid wages and liquidated damages, totaling $37,525.50)). Therefore, the Court need not conduct an independent fairness review. *Garcia v. Sunkey Bldg. Maint. Servs., Inc.*, 6:08-cv-1571-Orl-28DAB, 2009 WL 922092, at *2 (M.D. Fla. Apr. 3, 2009) (noting that because the plaintiff "received the full amount sought for wages and liquidated damages, the Court does not review the reasonableness of the agreed amount of attorney's fees and costs"); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982) (requiring fairness review where a plaintiff's FLSA claim has been compromised); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) ("[I]f the parties' proposed 'full compensation' agreement includes an additional term—such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another valuable consideration of any kind—the notion of 'full compensation' becomes illusory and inapplicable.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 35) is **ADOPTED in part** and determined to be **MOOT in part**.

2. Plaintiffs' Amended Renewed Unopposed Motion for Entry of Judgment (Doc. 36) is **GRANTED**.

3. Plaintiffs' Renewed Unopposed Motion for Entry of Judgment (Doc. 34) is **DENIED as moot**.

4. The Clerk is directed to enter judgment against Defendants Endurance Communications & Electrical, LLC and 4Evolution, Inc. as follows:

    a. in favor of Damasi Roberts in the amount of $9000.00;

    b. in favor of Arnold Hervy in the amount of $483.72;

    c. in favor of Victor Brown in the amount of $9211.70;

    d. in favor of Jean Fleurvil in the amount of $7917.78;

    e. in favor of Lonel Gabriel in the amount of $8276.20;

    f. in favor of Wagens Aimable in the amount of $2636.10.

5. **On or before December 5, 2016**, Plaintiffs shall file a status report with the Court regarding the status of Defendant Christopher Riley's bankruptcy proceeding and Plaintiffs' intent to continue prosecuting this case as to Riley.

6. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record